*E-FILED: September 30, 2013*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD TYSON and MARY ANN TYSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>TD SERVICES COMPANY; US BANK, N.A., INDIVIDUALLY AND AS TRUSTEE FOR CHEVY CHASE FUNDING LLC MORTGAGE BACKED-CERTIFICATES SERIES 2005 C TRUST AND AS TRUSTEE FOR CCB LIBOR SERIES 2005 C TRUST,<br><br>    Defendants. | Case No.  5:12-cv-03766 HRL<br><br>**ORDER GRANTING TD SERVICES COMPANY'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re:  Docket No. 9] |

Plaintiffs Leonard and Mary Ann Tyson sue for alleged violations of state and federal law in connection with the non-judicial foreclosure of certain real property located in Santa Cruz County, California. They invoke the court's federal question jurisdiction, 28 U.S.C. § 1331. Because several pages were missing from their original complaint when it was filed, plaintiffs say that they filed a First Amended Complaint (FAC) to correct the error. Pursuant to Fed. R. Civ. P. 12(b)(6), defendant T.D. Services Company (T.D. Services) moves to dismiss the claims asserted against it. Plaintiffs oppose the motion. Plaintiffs and T.D. Services have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. The matter was deemed submitted on the papers without oral argument. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, the court

grants the motion to dismiss with leave to amend as to plaintiffs' federal claim. The court declines to exercise jurisdiction over plaintiffs' state law claim unless and until plaintiffs are able to plead a viable federal claim for relief.

## BACKGROUND

The Tysons purchased a residence at 1500 Wharf Road #10 and #20 in Capitola, California. According to the complaint, they acquired the property at a tax sale and used it primarily as a vacation home. Due to domestic difficulties, the property has been Leonard Tyson's primary residence for the past several years.

The complaint goes on to allege that after acquiring the property at the tax sale, plaintiffs obtained a $1,495,000 loan from Chevy Chase Bank FSB. The loan was secured by a first deed of trust on the property. The deed of trust was recorded in July 2005 at the Santa Cruz County Recorder's Office. Plaintiffs say that they never received any notice that the loan was assigned to anyone else.

Plaintiffs subsequently defaulted on the loan. They claim that in 2010, T.D. Services, as trustee, recorded two Notices of Default (NODs) with the Santa Cruz County recorder and provided copies of the notices to plaintiffs. According to the complaint, the NODs stated that the loan was in default as to U.S. Bank as Trustee for Chevy Chase Funding LLC Mortgage Backed Certificates Series 2005 C Trust and also as Trustee for CCB Libor Series 2005 C Trust. Plaintiffs says that in May 2010, T.D. Services proceeded with two non-judicial foreclosure sales as to the subject property and then recorded deeds conveying the property to Chevy Chase Funding LLC Mortgage Backed Certificates Series 2005 C Trust and CCB Libor Series 2005 C Trust.

On or about May 17, 2012, T.D. Services issued a Notice of Rescission as to the trustee's deeds upon sale with respect to the property in question. According to that notice, T.D. Services was informed "that through inadvertence and oversight, the conducting of the trustee's sale was done, however the chain of beneficial interest was not perfected." (FAC, Ex. B).[1]

---

[1] T.D. Services has submitted a copy of the same Notice of Rescission and requests that the court take judicial notice of it. Because plaintiffs have appended the notice as an exhibit to their pleading, and because no one disputes the authenticity of that exhibit, the court finds it unnecessary to take judicial notice of the document submitted by T.D. Services.

Plaintiffs filed the instant lawsuit against both T.D. Services and U.S. Bank, N.A. Three claims are asserted against T.D. Services: Claim 2 (violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692); Claim 4 (Wrongful Foreclosure); and Claim 7 (violation of California Business and Professions Code § 17200). Pursuant to Fed. R. Civ. P. 12(b)(6), T.D. Services moves for dismissal, arguing that the FAC fails to state a claim for relief. The motion is granted with leave to amend as to the FDCPA claim. The court declines to exercise supplemental jurisdiction over plaintiffs' state law claims and dismisses those claims without prejudice.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

**A. Claim 2: Fair Debt Collection Practices ACT (FDCPA), 15 U.S.C. § 1692[2]**

Plaintiffs allege that T.D. Services violated the FDCPA by making false representations and engaging in deceptive means (§ 1692e(A)(10)); by proceeding with the non-judicial foreclosure without verifying whether U.S. Bank had a legitimate interest in the subject property (15 U.S.C. § 1692f(6)); and by failing to provide them with a Debt Validation Notice required by 15 U.S.C. § 1692g. T.D. Services contends that this claim must be dismissed in its entirety without leave to amend on the ground that, as a matter of law, non-judicial foreclosure proceedings do not constitute "debt collection" within the meaning of the FDCPA.

Courts are split on this issue, and the Ninth Circuit has not yet addressed it. Defendants point out that a number of district courts, including a majority of courts in this district, hold that mortgage foreclosure is not debt collection within the meaning of the FDCPA. Plaintiffs counter that circuit courts addressing the issue have concluded that mortgage foreclosure is debt collection within the meaning of the statute. In essence, the debate involves a fundamental disagreement between courts on two issues: (1) the nature and purpose of mortgage foreclosure; and (2) the proper statutory construction of the FDCPA's definition of "debt collector," 15 U.S.C. § 1692a(6).

---

[2] Both sides presented supplemental briefing to alert the court to decisions the parties said supported their respective positions. The court appreciates the parties' desire to inform the court of decisions they feel are important. But, these filings were made without the court's permission and after the matter was deemed submitted. Moreover, plaintiffs' supplemental filings also included impermissible argument. See Civ. L.R. 7-3(d). The court considered both sides' filings, but warns the parties that future non-compliance with the court's rules may result in sanctions.

A court in this district recently held that a person or entity who regularly or principally is engaged in the enforcement of secured interests is not a "debt collector" under the FDCPA, and further, that legally mandated actions required for mortgage foreclosure are not necessarily debt collection. See Natividad v. Wells Fargo Bank, N.A., No. 3:12-cv-03646 JSC, 2013 WL 2299601 (N.D. Cal., May 24, 2013). For the reasons stated in Natividad, this court agrees with that assessment. Plaintiffs have not sufficiently alleged that TD Services engaged in any action beyond that which is statutorily required for non-judicial foreclosure.

Nor are plaintiffs aided by their reliance on an amicus brief filed by the Consumer Financial Protection Bureau (Bureau) before the Eleventh Circuit in Birster v. American Home Mortgage Servicing, Inc., No. 11-13574-G. According to the Bureau's own arguments, the Eleventh Circuit in Birster was not required to decide whether the act of foreclosure, in and of itself, constitutes "debt collection" under the FDCPA. (Dkt. No. 14, Opp., App. A at 12). Rather, the case concerned activities by the loan servicer (e.g., alleged repeated visits and harassing phone calls) to collect payment. As discussed above, there are no allegations that T.D. Services engaged in any activities beyond what was legally required for the foreclosure process.

This claim is dismissed with leave to amend.

### B. Plaintiffs' state law claims for relief

Plaintiffs' federal claims having been dismissed, the court declines to exercise supplemental jurisdiction over their state law claims unless and until they plead a viable federal claim for relief.[3] 28 U.S.C. § 1367(c). Accordingly, these claims are dismissed without prejudice.

## ORDER

Based on the foregoing, plaintiffs' FDCPA claim is dismissed with leave to amend. Plaintiffs' state law claims are dismissed without prejudice. Plaintiffs' amended complaint shall

---

[3] While the complaint also asserts federal jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, that act does not by itself confer federal subject matter jurisdiction. Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005). See also Vaden v. Discover Bank, 559 U.S. 49, 129 S. Ct. 1262, 1278 n.19 2009 ("[T]he Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts; it is 'procedural only.'"). And, although plaintiffs claim a violation of the National Housing Act (NHA), 12 U.S.C. § 1707u, et seq., courts have held that the NHA does not provide for a private right of action. Natividad v. Wells Fargo Bank, N.A., No. 3:12-cv-03646 JSC, 2013 WL 2299601 at *11 (N.D. Cal., May 24, 2013) (citing cases).

be filed within 14 days from the date of this order, consistent with the rulings above. Absent stipulation, and to the extent plaintiffs intend to assert new or different claims for relief or add new parties, they must make an appropriate application pursuant to Fed. R. Civ. P. 15. Failure to comply with this order may result in sanctions.

**SO ORDERED**.

Dated: September 30, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:12-cv-03766-HRL Notice has been electronically mailed to:

2  Alisa Alexandra Givental   aag@severson.com, jc@severson.com, tmp@severson.com

3  Andrew Weiss Noble   awn@severson.com, jc@severson.com, klm@severson.com,

4  lkh@severson.com

5  Ann Murphy   m-m@pacbell.net

6  Bruce William Dannemeyer   bruce@dreyfusslaw.com, roma@dreyfusslaw.com

7  Gary Weston Sullivan   ltym@aol.com

8  Glenn Lee Moss   m-m@pacbell.net