*E-FILED: September 30, 2013*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD TYSON and MARY ANN TYSON,<br><br>              Plaintiffs,<br><br>     v.<br><br>TD SERVICES COMPANY; US BANK, N.A., INDIVIDUALLY AND AS TRUSTEE FOR CHEVY CHASE FUNDING LLC MORTGAGE BACKED-CERTIFICATES SERIES 2005 C TRUST AND AS TRUSTEE FOR CCB LIBOR SERIES 2005 C TRUST,<br><br>              Defendants. | Case No. 5:12-cv-03766 HRL<br><br>**ORDER GRANTING U.S. BANK'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re:  Docket No. 35] |

Plaintiffs Leonard and Mary Ann Tyson sue for alleged violations of state and federal law in connection with the non-judicial foreclosure of certain real property located in Santa Cruz County, California. They invoke the court's federal question jurisdiction, 28 U.S.C. § 1331. Because several pages were missing from their original complaint when it was filed, plaintiffs say that they filed a First Amended Complaint (FAC) to correct the error. Pursuant to Fed. R. Civ. P. 12(b)(6), defendant U.S. Bank, N.A. (U.S. Bank) moves to dismiss the claims asserted against it. Plaintiffs oppose the motion. Plaintiffs and U.S. Bank have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. The matter was deemed submitted on the papers without oral argument. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, the court

grants the motion to dismiss with leave to amend as to plaintiffs' federal claim. The court declines to exercise jurisdiction over plaintiffs' state law claim unless and until plaintiffs are able to plead a viable federal claim for relief.

## BACKGROUND

The Tysons purchased a residence at 1500 Wharf Road #10 and #20 in Capitola, California. According to the complaint, they acquired the property at a tax sale and used it primarily as a vacation home. Due to domestic difficulties, the property has been Leonard Tyson's primary residence for the past several years.

The complaint goes on to allege that after acquiring the property at the tax sale, plaintiffs obtained a $1,495,000 loan from Chevy Chase Bank FSB. The loan was secured by a first deed of trust on the property. The deed of trust was recorded in July 2005 at the Santa Cruz County Recorder's Office. Plaintiffs say that they never received any notice that the loan was assigned to anyone else.

Plaintiffs subsequently defaulted on the loan. They claim that in 2010, T.D. Services, as trustee, recorded two Notices of Default (NODs) with the Santa Cruz County recorder and provided copies of the notices to plaintiffs. According to the complaint, the NODs stated that the loan was in default as to U.S. Bank as Trustee for Chevy Chase Funding LLC Mortgage Backed Certificates Series 2005 C Trust and also as Trustee for CCB Libor Series 2005 C Trust. Plaintiffs says that in May 2010, T.D. Services proceeded with two non-judicial foreclosure sales as to the subject property and then recorded deeds conveying the property to Chevy Chase Funding LLC Mortgage Backed Certificates Series 2005 C Trust and CCB Libor Series 2005 C Trust.

On or about May 17, 2012, T.D. Services issued a Notice of Rescission as to the trustee's deeds upon sale with respect to the property in question. According to that notice, T.D. Services was informed "that through inadvertence and oversight, the conducting of the trustee's sale was done, however the chain of beneficial interest was not perfected." (FAC, Ex. B).

Plaintiffs filed the instant lawsuit against both T.D. Services and U.S. Bank, N.A. Pursuant to Fed. R. Civ. P. 12(b)(6), U.S. Bank moves for dismissal of the following six claims asserted against it: Claim 1 (Declaratory Relief); Claim 3 (Cancellation of Instruments); Claim 4

2

1  (Wrongful Foreclosure); Claim 5 (Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq.); Claim

2  6 (Quiet Title); and Claim 7 (Cal. Bus. & Prof. Code § 17200). The motion is granted with leave

3  to amend as to the TILA claim. The court declines to exercise supplemental jurisdiction over

4  plaintiffs' state law claims and dismisses those claims without prejudice.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990);

1  MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

2  While leave to amend generally is granted liberally, the court has discretion to dismiss a
3  claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans
4  Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386,
5  393 (9th Cir. 1996)).

# DISCUSSION

### A. U.S. Bank's Request for Judicial Notice

Defendant requests that the court take judicial notice of ten documents, all of which appear to be public records concerning the subject property from the Santa Cruz County recorder's office. Plaintiffs do not challenge the authenticity of the documents, and some of the same records are appended to and relied upon in their FAC, e.g., the May 2012 notice of rescission. However, plaintiffs object to judicial notice of disputed facts contained in the documents, namely that U.S. Bank for Chase is the current beneficiary of the loan. The Court shall take judicial notice of the existence of the documents, the date on which they were recorded or filed, and the undisputed facts contained therein. Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir.2001); accord Fontenot v. Wells Fargo Bank, 198 Cal.App.4th 256, 264-67, 129 Cal.Rptr.3d 467 (2011) ("[A] court may take judicial notice of the fact of a document's recordation, the date the document was recorded and executed, the parties to the transaction reflected in a recorded document, and the document's legally operative language, assuming there is no genuine dispute regarding the document's authenticity. From this, the court may deduce and rely upon the legal effect of the recorded document, when that effect is clear from its face."); see also Scott v. JPMorgan Chase Bank, N.A., 214 Cal. App.4th 743, 754, 154 Cal. Rptr.3d 394, 403 (2013) ("Moreover, whether the fact derives from the legal effect of a document or from a statement within the document, the fact may be judicially noticed where, as here, the fact is not reasonably subject to dispute.").

### B. Claim 5: TILA

Plaintiffs seek damages based on two alleged violations. First, they allege that the TILA Disclosure Statement is misleading as to their monthly payments and failed to disclose that their

4

monthly payments could have ballooned as high as they did. Second, plaintiffs claim that U.S. Bank violated TILA § 1641(g)(1)(A) by failing to notify them that their mortgage had been transferred. U.S. Bank contends that this claim is time-barred and that plaintiffs fail to sufficiently allege damages in any event. The court agrees.

Claims for damages under TILA must be brought within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e); King v. California, 784 F.2d 910, 915 (9th Cir.1986). The FAC alleges that plaintiffs "did not learn that the TILA Disclosure Statement was materially false until TD Services recorded its notice of default in 2010 and plaintiffs consulted with counsel to represent them in the resulting unlawful detainer actions. Prior to consulting with counsel to defend themselves against the unlawful detainer actions, they reasonably relied on the accuracy of the payment terms set forth in the attached TILA Disclosure Statement." (FAC ¶ 29). These allegations do not save their claim.

First, the documents submitted by defendant for judicial notice indicate that the Notices of Default were recorded in August and September *2009*, not 2010—and, as discussed above, plaintiffs do not challenge the authenticity of these documents. (RJN Exs. B and C). This lawsuit was not filed until nearly three years later in July 2012.

Second, to the extent plaintiffs claim that they were ignorant of the law until they consulted with an attorney to defend them in unlawful detainer actions that reportedly resulted from the 2010 foreclosure sale, such an assertion, by itself, is insufficient to warrant equitable tolling. Valdez v. America's Wholesale Lender, No. C09-02778JF, 2009 WL 5114305 *6 (N.D. Cal., Dec. 18, 2009) (Fogel, J.) (holding that ignorance of the law, standing alone, was insufficient to plausibly state a basis for tolling).

In their opposition, plaintiffs now contend that they are asserting these violations defensively, as a claim for recoupment. TILA provides that the one-year limitations period does not apply where violations are asserted "as a matter of defense by recoupment or set-off" in "an action to collect the debt." 15 U.S.C. § 1640(e). TILA further states a consumer may assert certain violations "as a matter of defense by recoupment or set off without regard for the time limit on a private action for damages under [15 U.S.C.] subsection (e)." 15 U.S.C. § 1635(k)(1). Here,

5

plaintiffs are asserting disclosure violations as an affirmative claim in their lawsuit to collect damages from U.S. Bank. See Tacheny v. M&I Marshall & Ilsey Bank, No. 10-cv-2067, 2011 WL 1657877 at *5 (D. Minn., Apr. 29, 2011) (concluding that TILA's exception to the one-year limitations period did not apply where "plaintiffs are asserting these violations as a matter of offense in an action that they have filed against the lenders to collect damages."); see also Molina v. OneWest Bank FSH, 903 F. Supp.2d 1008, 1017 (D. Hawai'i, Sept. 30, 2012) (stating that equitable recoupment "is a defense, not an affirmative claim for relief").

As for the allegations that U.S. Bank violated TILA by failing to notify them about the assignment of their loan, plaintiffs say that this claimed violation did not occur until their mortgage was sold or assigned to a third party, and they remain uncertain as to when that took place. The documents submitted for judicial notice, however, indicate that the Notice of Default recorded in August 2009 stated that the beneficiary under the original deed of trust had changed to U.S. Bank as trustee for CCB and was no longer Chevy Chase Bank. (RJN Ex. B). Even if plaintiffs dispute that the beneficiary at that time was, in fact, U.S. Bank for CCB, this document shows that as of August 2009, they at least had notice that Chevy Chase Bank had transferred their loan.

In any event, as currently pled, the FAC fails to sufficiently allege what damages plaintiffs suffered as a result of the alleged TILA violations. The Tysons say that "were deprived of the power to refinance the existing high interest loan with a new, low interest loan." (FAC ¶ 33; Opp. at 12). They do not, however, allege that they made any attempts to refinance their loan or that they would have been able to refinance if they tried.

Plaintiffs nevertheless contend that "none of the potential owners identified in the FAC ever honored the promise to reduce the interest to the 3.00% range from the existing APR of 6.176%." (FAC ¶ 34; Opp. at 12). Here, they claim that "the TILA Disclosure Statement said the interest rate on the note would decline if the index declined. The index declined. [T]he rate on the note did not. In fact it increased." (Opp. at 12; FAC ¶ 34). The FAC, however, simply alleges that in 2009 their monthly payments rose to $11,000 when they believed that those payments should have been closer to $9,500. (FAC ¶ 34). They do not allege sufficient facts to support the

alleged inaccuracy of the disclosure of the applicable interest rate. Defendants point out that the deed of trust provides that plaintiff's interest rate would be based on a monthly index. And, plaintiffs do not refute that the deed of trust says that their monthly payments could increase, in any event, if the unpaid principal balance ever exceeded 110% of the principal (i.e., if plaintiffs' minimum monthly payment was not sufficient to cover the monthly interest on the loan). (RJN, Ex. A (Deed of Trust Adjustable Rate Rider at ¶¶ 2(D), 3(D)-(F))).

While the court harbors some doubt as to whether plaintiffs will be able to fix these deficiencies on amendment, this claim is dismissed with leave to amend if, consistent with Fed. R. Civ. P. 11, plaintiffs believe that they can truthfully allege facts that would support a claim for relief, as well as tolling of the limitations period.

### C. Plaintiffs' state law claims

Plaintiffs' federal claim against U.S. Bank having been dismissed, the court declines to exercise supplemental jurisdiction over their state law claims unless and until they plead a viable federal claim for relief.[1] 28 U.S.C. § 1367(c). Accordingly, these claims are dismissed without prejudice.

## ORDER

Based on the foregoing, plaintiffs' TILA claim is dismissed with leave to amend. Plaintiffs' state law claims are dismissed without prejudice. Plaintiffs' amended complaint shall be filed within 14 days from the date of this order, consistent with the rulings above. Absent stipulation, and to the extent plaintiffs intend to assert new or different claims for relief or add new parties, they must make an appropriate application pursuant to Fed. R. Civ. P. 15. Failure to

---

[1] While the complaint also asserts federal jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, that act does not by itself confer federal subject matter jurisdiction. Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005). See also Vaden v. Discover Bank, 559 U.S. 49, 129 S. Ct. 1262, 1278 n.19 2009 ("[T]he Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts; it is 'procedural only.'"). And, although plaintiffs claim a violation of the National Housing Act (NHA), 12 U.S.C. § 1707u, et seq., courts have held that the NHA does not provide for a private right of action. Natividad v. Wells Fargo Bank, N.A., No. 3:12-cv-03646 JSC, 2013 WL 2299601 at *11 (N.D. Cal., May 24, 2013) (citing cases).

1  comply with this order may result in sanctions.

2  **SO ORDERED**.

3  Dated:   September 30, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:12-cv-03766-HRL Notice has been electronically mailed to:

Alisa Alexandra Givental     aag@severson.com, jc@severson.com, tmp@severson.com

Andrew Weiss Noble     awn@severson.com, jc@severson.com, klm@severson.com, lkh@severson.com

Ann Murphy     m-m@pacbell.net

Bruce William Dannemeyer     bruce@dreyfusslaw.com, roma@dreyfusslaw.com

Gary Weston Sullivan     ltym@aol.com

Glenn Lee Moss     m-m@pacbell.net