1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10              SAN JOSE DIVISION

11

12   LEONARD TYSON and MARY ANN
     TYSON,                                    Case No.  5:12-cv-03766-HRL

13                  Plaintiffs,

14          v.                                 ORDER GRANTING U.S. BANK'S
                                               MOTION TO DISMISS
15   TD SERVICES COMPANY; US BANK
     N.A., INDIVIDUALLY AND AS                 Re: Dkt. No. 50
16   TRUSTEE FOR CHEVY CHASE
     FUNDING LLC MORTGAGE BACKED
17   CERTIFICATES SERIES 2005 C TRUST,
     AND AS TRUSTEE FOR CCB LIBOR
18   SERIES 2005 C TRUST,

19                  Defendants.

20          Plaintiffs Leonard and Mary Ann Tyson sue for alleged violations of state and federal law

21   in connection with the non-judicial foreclosure of certain real property located in Santa Cruz

22   County, California.  They invoke the court's federal question jurisdiction, 28 U.S.C. § 1331.

23          The court previously granted defendant U.S. Bank's motion to dismiss the First Amended

24   Complaint (FAC).  (Dkt. 48).  The court concluded that plaintiffs' Truth in Lending Act (TILA)

25   claim (15 U.S.C. § 1601, et seq.) was time-barred and dismissed it, but gave plaintiffs leave to

26   amend to assert facts establishing that the claim could be equitably tolled.  Even assuming that

27   they could overcome the timing issue, the court also found that plaintiffs failed to sufficiently

28   allege what damages they suffered as a result of the alleged TILA violations.  The court declined

*United States District Court*
*Northern District of California*

to exercise jurisdiction over plaintiffs' state law claims unless and until they alleged a viable federal claim for relief as to U.S. Bank.

Pursuant to Fed. R. Civ. P. 12(b)(6), U.S. Bank moves to dismiss the claims asserted against it in the Second Amended Complaint (SAC), arguing that plaintiffs still fail to state a claim for relief. Plaintiffs oppose the motion. The matter was deemed submitted on the papers without oral argument. Civ. L.R. 7-1(b). All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and responding papers, the court grants the motion to dismiss without leave to amend as to plaintiffs' TILA claim. This court declines to exercise jurisdiction over plaintiffs' state law claims against U.S. Bank, and those claims are dismissed without prejudice.

## BACKGROUND

The following background facts are drawn from the allegations of the SAC:

The Tysons purchased a residence at 1500 Wharf Road #10 and #20 in Capitola, California. They acquired the property at a tax sale and used it primarily as a vacation home. Due to domestic difficulties, the property has been Leonard Tyson's primary residence for the past several years.

After acquiring the property at the tax sale, plaintiffs obtained a $1,495,000 loan from Chevy Chase Bank FSB. The loan was secured by a first deed of trust on the property. The deed of trust was recorded in July 2005 at the Santa Cruz County Recorder's Office. Plaintiffs say that they never received any notice that the loan was assigned to anyone else.

Plaintiffs subsequently defaulted on the loan. They claim that in 2010, T.D. Services, as trustee, recorded two Notices of Default (NODs) with the Santa Cruz County recorder and provided copies of the notices to plaintiffs. According to the complaint, the NODs stated that the loan was in default as to U.S. Bank as Trustee for Chevy Chase Funding LLC Mortgage Backed Certificates Series 2005 C Trust and also as Trustee for CCB Libor Series 2005 C Trust. Plaintiffs say that in May 2010, T.D. Services proceeded with two non-judicial foreclosure sales as to the subject property and then recorded deeds conveying the property to Chevy Chase Funding LLC

United States District Court
Northern District of California

1    Mortgage Backed Certificates Series 2005 C Trust and CCB Libor Series 2005 C Trust.

2         On or about May 17, 2012, T.D. Services issued a Notice of Rescission as to the trustee's

3    deeds upon sale with respect to the property in question.  According to that notice, T.D. Services

4    was informed "that through inadvertence and oversight, the conducting of the trustee's sale was

5    done, however the chain of beneficial interest was not perfected."[1]

6         Plaintiffs filed the instant lawsuit against both T.D. Services and U.S. Bank, N.A.  In

7    addition to a claim for declaratory relief (Claim 1), plaintiffs assert five claims against U.S. Bank:

8    cancellation of instruments (Claims 3), wrongful foreclosure (Claim 4), violation of TILA (Claim

9    5), quiet title (Claim 6), and violation of California Business and Professions Code § 17200

10   (Claim 7).

11                              **LEGAL STANDARD**

12        A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests

13   the legal sufficiency of the claims in the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir.

14   2001).  Dismissal is appropriate where there is no cognizable legal theory or an absence of

15   sufficient facts alleged to support a cognizable legal theory.  Id. (citing Balistreri v. Pacifica Police

16   Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).  In such a motion, all material allegations in the

17   complaint must be taken as true and construed in the light most favorable to the claimant.  Id.

18   However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19   statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Moreover, "the court

20   is not required to accept legal conclusions cast in the form of factual allegations if those

21   conclusions cannot reasonably be drawn from the facts alleged."  Clegg v. Cult Awareness

22   Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

23        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

24   claim showing that the pleader is entitled to relief."  This means that the "[f]actual allegations

25   must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v.

26   Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted)

27   ───────────────────

28   [1] Plaintiffs apparently intended to (but did not) append a copy of this document to the SAC.
     Nevertheless, they did append the notice as an exhibit to their FAC.  (See Dkt. 6, Ex. B).

United States District Court
Northern District of California

1   However, only plausible claims for relief will survive a motion to dismiss.  Iqbal, 129 S.Ct. at

2   1950.  A claim is plausible if its factual content permits the court to draw a reasonable inference

3   that the defendant is liable for the alleged misconduct.  Id.  A plaintiff does not have to provide

4   detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-

5   harmed-me accusation."  Id. at 1949.

6       Documents appended to the complaint or which properly are the subject of judicial notice

7   may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion.  See

8   Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990);

9   MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

10      While leave to amend generally is granted liberally, the court has discretion to dismiss a

11  claim without leave to amend if amendment would be futile.  Rivera v. BAC Home Loans

12  Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386,

13  393 (9th Cir. 1996)).

## DISCUSSION

15      The SAC continues to allege that the TILA disclosure statement pertaining to their

16  mortgage failed to disclose that plaintiffs' monthly payments could have ballooned as high as they

17  did and that defendant U.S. Bank violated TILA by failing to notify them that their mortgage had

18  been transferred.

19      Claims for damages under TILA must be brought within one year from the date of the

20  occurrence of the violation.  15 U.S.C. § 1640(e); King v. California, 784 F.2d 910, 915 (9th

21  Cir.1986).  As discussed, this court previously dismissed plaintiffs' TILA claim as untimely.

22  Specifically, plaintiffs alleged that they did not learn that the TILA disclosure statement was

23  materially false until notices of default were recorded.  They further alleged that they remained

24  uncertain as to when their loan was transferred.  This court found that the present lawsuit was filed

25  nearly three years after plaintiffs had notice that their loan had been transferred and the subject

26  notices of default were recorded.  The court also rejected plaintiffs' arguments that the alleged

27  TILA violations properly could be asserted as an affirmative claim for recoupment in the instant

28  lawsuit for damages.  (Dkt. 48).  Plaintiffs were given leave to amend to assert facts demonstrating

United States District Court
Northern District of California

1   that the claim could be equitably tolled.

2          Plaintiffs have not pled any facts to support equitable tolling.  Instead, they resurrect their

3   argument that the limitations period does not apply because they are asserting TILA violations

4   defensively, as a claim for recoupment.  TILA provides that the one-year limitations period does

5   not apply where violations are asserted "as a matter of defense by recoupment or set-off" in "an

6   action to collect the debt . . . except as otherwise provided by State law."  15 U.S.C. § 1640(e).

7   TILA further states a consumer may assert certain violations "as a matter of defense by

8   recoupment or set off without regard for the time limit on a private action for damages under [15

9   U.S.C.] subsection (e)."  15 U.S.C. § 1640(k)(1).

10          This time around, plaintiffs say that the TILA recoupment claim is being asserted here as a

11   defense against unlawful detainer actions defendants filed against them in state court.  U.S. Bank

12   points out that the SAC acknowledges that judgment in one of those actions was vacated and that

13   plaintiffs remain silent as to the status of the second.  (See SAC ¶¶ 12-13).  In any event, the

14   problem for plaintiffs is that "Section 1640(e) of TILA makes recoupment available only as a

15   'defense' in an 'action to collect a debt.'"  Ortiz v. Accredited Home Lenders, Inc., 639 F. Supp.2d

16   1159, 1164 (S.D. Cal. 2009); see also Molina v. OneWest Bank, 903 F. Supp.2d 1008, 1017 (D.

17   Hawai'i 2012) (stating that recoupment under TILA "is a defense, not an affirmative claim for

18   relief"); Tacheny v. M&I Marshall & Ilsley Bank, No. 10-cv-2067 (PJS/JJK), 2011 WL 1657877

19   at *5 (D. Minn., Apr. 29, 2011) (concluding that the limitations period applied where plaintiffs

20   were not asserting recoupment as a matter of defense in an action that the lenders filed against

21   them, but rather, asserted the claim affirmatively in their own lawsuit against the lenders to collect

22   damages).  Plaintiffs have cited no authority providing that they may assert recoupment

23   affirmatively in the present lawsuit as a defense against actions brought before an entirely different

24   court.  Plaintiffs argue that they should be permitted to do so because California law does not

25   allow them to raise such a defense in unlawful detainer suits---hence, they say that asserting the

26   claim before this court in this action is their only recourse.  Even so, "[TILA] Section 1640(e)

27   contemplates that state law may preclude the defensive assertion of TILA claims even where

28   TILA itself does not."  Joseph v. Newport Shores Mortgage, Inc., No. 1:05 CV 0904 WSD, 2006

5

1    WL 418293 at *2 n.1 (N.D. Ga., Feb. 21, 2006).

2         Accordingly, plaintiffs' TILA claim is dismissed as time-barred without leave to amend.

3    Plaintiffs' sole federal claim against U.S. Bank having been dismissed, the court declines to

4    exercise supplemental jurisdiction over their state law claims.[2]  28 U.S.C. § 1367(c).

5         The state law claims are dismissed without prejudice.

6         SO ORDERED.

7    Dated:   September 30, 2015

8    _____

9    HOWARD R. LLOYD
     United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   [2] While the SAC continues to assert federal jurisdiction under the Declaratory Judgment Act, 28
     U.S.C. § 2201, as noted in this court's order on defendant's prior motion to dismiss, the
27   Declaratory Judgment Act does not by itself confer federal subject matter jurisdiction.  Nationwide
     Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005).  See also Vaden v. Discover
28   Bank, 559 U.S. 49, 129 S. Ct. 1262, 1278 n.19 2009 ("[T]he Declaratory Judgment Act does not
     enlarge the jurisdiction of the federal courts; it is 'procedural only.'").

United States District Court
Northern District of California

6

5:12-cv-03766-HRL Notice has been electronically mailed to:

Alisa Alexandra Givental      aag@severson.com, jc@severson.com, tmp@severson.com

Andrew Weiss Noble      awn@severson.com, jc@severson.com, lkh@severson.com

Ann Murphy      m-m@pacbell.net

Bruce William Dannemeyer      bruce@dreyfusslaw.com, roma@dreyfusslaw.com

Gary Weston Sullivan      gwsullivanlaw@gmail.com

Glenn Lee Moss      m-m@pacbell.net

Joseph W. Guzzetta      jwg@severson.com, ipk@severson.com, jc@severson.com