UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEONARD TYSON and MARY ANN TYSON,<br><br>    Plaintiffs,<br><br>v.<br><br>TD SERVICES COMPANY; US BANK N.A., INDIVIDUALLY AND AS TRUSTEE FOR CHEVY CHASE FUNDING LLC MORTGAGE BACKED CERTIFICATES SERIES 2005 C TRUST, AND AS TRUSTEE FOR CCB LIBOR SERIES 2005 C TRUST,<br><br>    Defendants. | Case No. 5:12-cv-03766-HRL<br><br>**ORDER GRANTING T.D. SERVICES MOTION TO DISMISS**<br><br>Re: Dkt. No. 52 |

Plaintiffs Leonard and Mary Ann Tyson sue for alleged violations of state and federal law in connection with the non-judicial foreclosure of certain real property located in Santa Cruz County, California. They invoke the court's federal question jurisdiction, 28 U.S.C. § 1331.

The court previously granted defendant T.D. Services Company's motion to dismiss the First Amended Complaint (FAC). Specifically, the court concluded that the FAC failed to state a claim under the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, because there were no allegations that T.D. Services engaged in any activities beyond that which is statutorily required for non-judicial foreclosure. The court gave plaintiffs leave to amend and declined to exercise jurisdiction over plaintiffs' state law claims unless and until they alleged a

1  viable federal claim for relief as to T.D. Services.

2  Pursuant to Fed. R. Civ. P. 12(b)(6), T.D. Services moves to dismiss the claims asserted against it in the Second Amended Complaint (SAC), arguing that plaintiffs still fail to state a claim for relief.  Plaintiffs oppose the motion.  The matter was deemed submitted on the papers without oral argument.  Civ. L.R. 7-1(b).  All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Upon consideration of the moving and responding papers, the court grants the motion to dismiss without leave to amend as to plaintiff's FDCPA claim.  This court declines to exercise jurisdiction over plaintiffs' state law claims against T.D. Services, and those claims are dismissed without prejudice.

## BACKGROUND

The following background facts are drawn from the allegations of the SAC:

The Tysons purchased a residence at 1500 Wharf Road #10 and #20 in Capitola, California.  They acquired the property at a tax sale and used it primarily as a vacation home.  Due to domestic difficulties, the property has been Leonard Tyson's primary residence for the past several years.

After acquiring the property at the tax sale, plaintiffs obtained a $1,495,000 loan from Chevy Chase Bank FSB.  The loan was secured by a first deed of trust on the property.  The deed of trust was recorded in July 2005 at the Santa Cruz County Recorder's Office.  Plaintiffs say that they never received any notice that the loan was assigned to anyone else.

Plaintiffs subsequently defaulted on the loan.  They claim that in 2010, T.D. Services, as trustee, recorded two Notices of Default (NODs) with the Santa Cruz County recorder and provided copies of the notices to plaintiffs.  According to the complaint, the NODs stated that the loan was in default as to U.S. Bank as Trustee for Chevy Chase Funding LLC Mortgage Backed Certificates Series 2005 C Trust and also as Trustee for CCB Libor Series 2005 C Trust.  Plaintiffs say that in May 2010, T.D. Services proceeded with two non-judicial foreclosure sales as to the subject property and then recorded deeds conveying the property to Chevy Chase Funding LLC Mortgage Backed Certificates Series 2005 C Trust and CCB Libor Series 2005 C Trust.

United States District Court
Northern District of California

1    On or about May 17, 2012, T.D. Services issued a Notice of Rescission as to the trustee's deeds upon sale with respect to the property in question. According to that notice, T.D. Services was informed "that through inadvertence and oversight, the conducting of the trustee's sale was done, however the chain of beneficial interest was not perfected."[1]

Plaintiffs filed the instant lawsuit against both T.D. Services and U.S. Bank, N.A. In addition to a claim for declaratory relief (Claim 1), plaintiffs assert three claims against T.D. Services for violation of the FDCPA, 15 U.S.C. § 1692 (Claim 2); wrongful foreclosure (Claim 4); and violation of California Business and Professions Code § 17200 (Claim 7).

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference

---

[1] Plaintiffs apparently intended to (but did not) append a copy of this document to the SAC. Nevertheless, they did append the notice as an exhibit to their FAC. (See Dkt. 6, Ex. B).

1    that the defendant is liable for the alleged misconduct. Id.  A plaintiff does not have to provide

2    detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-

3    harmed-me accusation." Id. at 1949.

4           Documents appended to the complaint or which properly are the subject of judicial notice

5    may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion.  See

6    Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990);

7    MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

8           While leave to amend generally is granted liberally, the court has discretion to dismiss a

9    claim without leave to amend if amendment would be futile.  Rivera v. BAC Home Loans

10   Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386,

11   393 (9th Cir. 1996)).

## DISCUSSION

13          This court previously dismissed plaintiff's FDCPA claim against T.D. Services because

14   plaintiffs' allegations were insufficient to show that T.D. Services "engaged in any action beyond

15   statutorily mandated actions for nonjudicial foreclosure," which is required to properly plead an

16   FDCPA claim in the foreclosure context.  See Natividad v. Wells Fargo Bank, N.A., No. 3:12-cv-

17   03646 JSC, 2013 WL 2299601 at *9 (N.D. Cal., May 24, 2013).

18          In their opposition papers, plaintiffs essentially ask this court to reconsider its earlier ruling

19   in view of two subsequent developments that plaintiffs claim constitute "[s]ignificant changes in

20   the law." (Opp. at 2).  To the extent they seek reconsideration of this court's decision, plaintiffs

21   should have moved for leave to file a motion for reconsideration under Civil Local Rule 7-9,

22   rather than arguing the matter in their opposition papers.  Nevertheless, for the reasons discussed

23   below, this court finds plaintiff's arguments unpersuasive in any event.

24          First, plaintiffs argue that the Ninth Circuit's decision in Corvello v. Wells Fargo Bank,

25   N.A. provides "new guidance" on the question whether T.D. Services engaged in debt collection

26   under the FDCPA in connection with non-judicial foreclosure activities.  728 F.3d 878 (9th Cir.

27   2013).  Corvello is inapposite.  That case has nothing to do with the FDCPA or non-judicial

28   foreclosure.  Rather, the issue in Corvello was whether Wells Fargo Bank was contractually

required to offer the plaintiffs a permanent loan modification after they complied with the bank's trial period plan. Plaintiff points out that the Corvello court found that Wells Fargo engaged in debt collection within the meaning of the Rosenthal Act, which is California's debt collection statute. But, Wells Fargo played a completely different role (loan servicer) than T.D. Services did here; and, Wells Fargo did not dispute that it was a debt collector within the meaning of the Rosenthal Act. Id. at 885. For purposes of resolving the instant motion, this court finds no particular significance in Corvello's comment, made in passing, that the Rosenthal Act is the state version of the FDCPA.

Next plaintiffs ask the court to consider Bulletin 07 issued by the Consumer Financial Protection Bureau (CFPB). The bulletin outlines what debt collection conduct violates the Dodd-Frank Act and says that the obligations discussed in the bulletin are in addition to those imposed under the FDCPA. This court, however, finds nothing in the bulletin stating that statutorily mandated actions for non-judicial foreclosure constitute debt collection within the meaning of the FDCPA.

Moreover, plaintiffs' SAC still fails to allege that T.D. Services engaged in any action beyond that which is statutorily required for non-judicial foreclosure. Nor is there any basis in the SAC for plaintiff's highly conclusory assertions (made only in their opposition papers) that T.D. Services unlawfully permitted multiple bidders to engage in "bid chilling." Plaintiffs have already been given an opportunity to amend this claim, and it is not apparent that the identified deficiencies can be corrected through a further amendment. Accordingly, T.D. Services' motion to dismiss the FDCPA claim is granted and that claim is dismissed without leave to amend.

Plaintiffs' sole federal claim against T.D. Services having been dismissed, the court declines to exercise supplemental jurisdiction over their state law claims.[2] 28 U.S.C. § 1367(c).

---

[2] While the SAC continues to assert federal jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, as noted in this court's order on defendant's prior motion to dismiss, the Declaratory Judgment Act does not by itself confer federal subject matter jurisdiction. Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005). See also Vaden v. Discover Bank, 559 U.S. 49, 129 S. Ct. 1262, 1278 n.19 2009 ("[T]he Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts; it is 'procedural only.'").

5

The state law claims are dismissed without prejudice.

    SO ORDERED.

Dated: September 30, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge


5:12-cv-03766-HRL Notice has been electronically mailed to:

Alisa Alexandra Givental    aag@severson.com, jc@severson.com, tmp@severson.com

Andrew Weiss Noble    awn@severson.com, jc@severson.com, lkh@severson.com

Ann Murphy    m-m@pacbell.net

Bruce William Dannemeyer    bruce@dreyfusslaw.com, roma@dreyfusslaw.com

Gary Weston Sullivan    gwsullivanlaw@gmail.com

Glenn Lee Moss    m-m@pacbell.net

Joseph W. Guzzetta    jwg@severson.com, ipk@severson.com, jc@severson.com