UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEONARD TYSON and MARY TYSON,<br><br>Plaintiffs,<br><br>v.<br><br>TD SERVICES COMPANY, U.S. BANK N.A., INDIVIDUALLY AND AS TRUSTEE FOR CHEVY CHASE FUNDING LLC MORTGAGE BACKED CERTIFICATES SERIES 2005 C TRUST AND AS TRUSTEE FOR CCB LIBOR SERIES 2005 C TRUST,<br><br>Defendants. | Case No. 5:12-cv-03766-HRL<br><br>**ORDER DENYING MOTION FOR ORDER STOPPING TRUSTEE SALE**<br><br>Re: Dkt. No. 69 |

Leonard and Mary Ann Tyson sued U.S. Bank and T.D. Services for alleged violations of state and federal law in connection with the non-judicial foreclosure of real property in Santa Cruz County, California.[1] The subject property is a duplex. This court is told that Leonard Tyson lives in part of it as his primary residence and rents out the other. Along with several state law claims for relief, the Tysons asserted a Truth in Lending Act (TILA) claim (15 U.S.C. § 1601, et seq.) against U.S. Bank and a Fair Debt Collection Practices Act (FDCPA) claim (15 U.S.C. § 1692) against T.D. Services. After rounds of motions practice and amended pleadings, this court granted

---

[1] All parties expressly consented that all proceedings in this matter be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

1  defendants' Fed. R. Civ. P. 12(b)(6) motions to dismiss the federal claims asserted in the Tysons'
2  Second Amended Complaint (SAC).  As for the state law claims, the court declined to exercise
3  jurisdiction over them and dismissed those claims without prejudice.[2]  Judgment was entered
4  accordingly.  Leonard Tyson appealed the matter.[3]  The parties report that the appeal has been
5  fully briefed and remains pending.

U.S. Bank has since discharged T.D. Services as the foreclosure trustee and retained a different one that recorded a notice of default several months ago.  A notice of trustee sale followed, and the sale has now been scheduled for August 17, 2016.

Pursuant to Federal Rule of Appellate Procedure 8(a),[4] Tyson moves this court for an order stopping the trustee sale pending the resolution of his appeal.  Tyson does not believe that any sort of payment should be required as a condition of stopping the foreclosure sale; however, at the motion hearing, his attorney said that Tyson is willing to make monthly payments to U.S. Bank's counsel, in trust, in the amount of $4,000.[5]

This matter was briefed and heard on shortened time.  U.S. Bank opposes the motion.  T.D. Services advises that, because it is not involved with the scheduled sale, it takes no position on Tyson's motion.  Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court denies the motion.

## LEGAL STANDARD[6]

A stay or injunction pending appeal "is not a matter of right, even if irreparable injury

---

[2] Tyson says that he re-filed those claims in state court and that the state court action is pending.

[3] Mary Ann Tyson apparently did not join in the appeal.  All references to "Tyson" in this order therefore mean Leonard Tyson.

[4] That rule provides:  "A party must ordinarily move first in the district court for the following relief:  (A) a stay of the judgment or order of a district court pending appeal; (B) approval of a supersedeas bond; or (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending."

[5] This is an increase from the $2,500 originally offered by Tyson in his moving papers.

[6] Tyson focuses primarily on state law and urges this court to follow California's "automatic stay" procedures.  This lawsuit was based on the court's federal question jurisdiction.  State law does not apply to the federal claims over which this court exercised jurisdiction.

might otherwise result." Nken v. Holder, 556 U.S. 418, 433 (2009). Rather, such relief is "'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" Id. (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1952)). The requesting party "bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433-34.

In determining whether to grant a stay or injunction pending appeal, the court conducts a balancing test that considers four factors, similar to the standard for issuing a preliminary injunction: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent relief; (3) whether the balance of equities tips in the applicant's favor; and (4) whether the requested relief is in the public's interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008); Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). The first two factors are the most critical. Nken, 556 U.S. at 434.

The Ninth Circuit has held that the "serious questions" version of the sliding scale approach to deciding motions for preliminary injunction and motions for stay survived the Supreme Court's decision in *Winter*. Alliance for the Wild Rockies, 632 F.3d at 1134. Thus, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." Id. at 1132.

## DISCUSSION

### A. Likelihood of Success on the Merits

Tyson must make a "strong showing" that he is likely to succeed on the merits. Nken, 418 U.S. at 434. Although he is not required to show that it is more likely than not that he will win on the merits of his appeal, the mere possibility of success is not enough. Id.

Tyson has not made a strong showing of success with respect to his TILA claim against U.S. Bank. The present motion indicates that the subject of his pending appeal concerns this court's ruling as to whether his TILA claim for recoupment or set-off could be asserted affirmatively in this lawsuit as a "defense" to claims pending in state court. Relevant to the

1   discussion here, this court concluded that Tyson's TILA claim was time-barred.  Although he was
2   given an opportunity to do so, Tyson did not allege any facts to support tolling.  Instead, he
3   maintained that the limitations period did not apply because his TILA claim was being asserted in
4   this court as a defense against state court unlawful detainer actions.

5   As discussed in this court's order of dismissal, TILA provides that the limitations period
6   does not apply where violations are asserted "as a matter of defense by recoupment or set-off" in
7   "an action to collect the debt . . . except as otherwise provided by State law."  15 U.S.C. § 1640(e).
8   However, "Section 1640(e) of TILA makes recoupment available only as a 'defense' in an 'action
9   to collect a debt.'"  Ortiz v. Accredited Home Lenders, Inc., 639 F. Supp.2d 1159, 1164 (S.D. Cal.
10  2009); see also Molina v. OneWest Bank, 903 F. Supp.2d 1008, 1017 (D. Hawai'i 2012) (stating
11  that recoupment under TILA "is a defense, not an affirmative claim for relief"); Tacheny v. M&I
12  Marshall & Ilsley Bank, No. 10-cv-2067 (PJS/JJK), 2011 WL 1657877 at *5 (D. Minn., Apr. 29,
13  2011) (concluding that the limitations period applied where plaintiffs were not asserting
14  recoupment as a matter of defense in an action that the lenders filed against them, but rather,
15  asserted the claim affirmatively in their own lawsuit against the lenders to collect damages).  And,
16  Tyson cited no authority that he could assert a claim for recoupment affirmatively in the instant
17  lawsuit as a defense against actions pending in an entirely different court.

18  Tyson now argues that he is likely to succeed on appeal re his TILA claim because his
19  opening appellate brief relies on a law review article that reportedly says that California law does
20  not prohibit a set-off.  Tyson has not provided the court with a copy of that article; so, this court
21  does not know precisely what it says.  But, even accepting plaintiff's characterization of the
22  article, this court does not see how that might establish that he is likely to prevail on the question
23  whether he permissibly could affirmatively assert a TILA claim for recoupment in this lawsuit.

24  As for the FDCPA claim against T.D. Services, this court dismissed that claim because
25  Tyson failed to allege that T.D. Services "engaged in any action beyond statutorily mandated
26  actions for nonjudicial foreclosure, which is required to properly plead an FDCPA claim in the
27
28

foreclosure context." (Dkt. 64 at 4). Tyson now says that in another pending case,[7] the Ninth Circuit requested an amicus brief from the Consumer Financial Protection Board (CFPB). Having no information about that matter, this court can only assume it raises the same or similar issues as Tyson's appeal; but, that is not clear. In any event, Tyson represents that the CFPB's brief in that other case opines that "'trustees who regularly foreclose on California deeds of trust in nonjudicial actions constitute debt collectors under the general definition of the FDCPA.'" (Dkt. 74, Reply at 9) (quoting CFPB amicus brief at 5-6)).

Quoting from Chase Bank, USA, N.A. v. McCoy, 562 U.S. 195 (2011), Tyson argues that the Ninth Circuit will defer to the CFPB's opinions expressed in the amicus brief and that he therefore is likely to prevail on the FDCPA claim. His citation to McCoy, however, is unavailing and his quoted language omits relevant language stating that generally, an agency's interpretation of *its own* ambiguous regulation is entitled to deference unless the interpretation is plainly erroneous or inconsistent with the regulation. Id. (citing Auer v. Robbins, 519 U.S.452, 117 S. Ct. 905, 137 L.Ed.2d 79 (1997)). The CFPB did not promulgate the FDCPA. Congress did. Accordingly, this court finds no basis to conclude that the Ninth Circuit must or will give deference to the CFPB's opinions. Tyson has simply raised the mere possibility that he might prevail as to his FDCPA claim on appeal, not the "strong showing" required to satisfy this factor. Nken, 418 U.S. at 434.

Moreover, even if Tyson had shown a likelihood of success on appeal, neither of his federal claims would entitle him to maintain the property as a remedy. Tyson does not dispute that the sole remedies available under TILA are rescission[8] and money damages. 15 U.S.C. §§ 1635, 1640(a). Instead, focusing solely on his FDCPA claim, he acknowledges that the FDCPA does not specifically mention injunctive relief. He cites several cases for the general proposition

---

[7] Tyson identifies the case as Ho v. ReconTrust Co., N.A., No. 10-56994.
[8] However, any right of rescission, which is not subject to tolling, expired years before Tyson filed this lawsuit. Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (stating that TILA provides an "'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction.") (quoting King v. California, 784 F.2d 910, 913 (9th Cir. 1986).

that courts have inherent authority to grant injunctive relief. But, those cases are inapposite. Tyson's FDCPA claim concerned a foreclosure sale (and related documents) conducted, and subsequently rescinded, by T.D. Services years ago. He has not shown how his claims on appeal are linked legally to the current notice of default and pending trustee's sale that he seeks to stop. Tyson has not shown a likelihood of success on the merits nor has he raised serious questions.

### B.  Irreparable Injury

Tyson says that if the foreclosure sale is not stopped, he will lose his principal residence.[9] The loss of a home is a serious injury. However, such harm does not alone entitle him to injunctive relief. Nken, 556 U.S. at 433. Moreover, for the reasons discussed above, plaintiff's injury is undercut by the legal disconnect between his claims on appeal and the recent notice of default and pending sale, as well as by the fact that he has not made a mortgage payment in six years and is more than $700,000 in arrears. See, e.g., Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp.2d 1296, 1301-02 (E.D. Cal. 2009) (concluding that where the plaintiff could not afford the home, the pending sale did not constitute irreparable injury); Omega v. Wells Fargo & Co., No. C11-02621 JSW, 2012 WL 685440, at *13 (N.D. Cal., Mar. 2, 2012) (finding that the plaintiff did not establish irreparable harm where they were unable to afford their home, even after receiving a loan modification); Shaterian v. Wells Fargo Bank, N.A., No. C-11-920 SC, 2011 WL 2314151, at *6 (N.D. Cal., June 10, 2011) (concluding that the plaintiff did not establish irreparable injury where he had not made a mortgage payment in 18 months, was more than $60,000 in arrears, and did not allege a loss of equity in the property).

### C.  Balance of Equities

Tyson reiterates that he will lose his home if the sale is not stopped. Other circumstances, however, cut against him. The original loan amount was $1,495,000. (Dkt. 49, SAC ¶ 1). As discussed above, Tyson has been living on the property without making mortgage payments for six years and is more than $700,000 in arrears. Additionally, U.S. Bank represents, and Tyson

---

[9] The Tysons originally bought the subject property as a vacation home. But, due to "domestic difficulties," Tyson has been using it as his primary residence for several years. (Dkt. 49, SAC ¶ 1).

does not deny, that he has been earning rental income from the property. And, while his counsel now claims that Tyson is willing to pay U.S. Bank's attorneys $4,000 per month, in trust, as a condition of stopping the sale, there is no indication in the docket that he has made a good faith attempt to bring his account into good standing. The balance of hardships does not tip sharply in Tyson's favor, if at all. See, e.g., Alcaraz, 592 F. Supp.2d at 1306 ("This Court agrees with the Wachovia defendants and their assessment that this action 'is a transparent attempt to 'buy time' by stalling off first the foreclosure sale." Ms. Alcaraz fails to demonstrate that the balance of hardships weighs in her favor given her continuing inability to make payments toward her sizeable debt. Postponing Wachovia's lawful relief offers nothing to tip the balance in favor of Ms. Alcaraz."); Frias v. Wells Fargo Bank, No. C-13-00075 EDL, 2013 WL 321690, at *5 (N.D. Cal., Jan. 28, 2013) (concluding that the balance of equities did not tip in the plaintiff's favor where, among other things, she had been living mortgage-free in her home for over two years and was $96,639.82 in arrears).

### D. Public Interest

Neither side has made a compelling showing on this factor. Indeed, Tyson has made no showing at all. He said nothing about it in his papers. And, when pressed by the court at oral argument, he was unable to articulate any reason why the public interest weighs in favor of the requested relief.

In sum: On balance, having weighed legitimate competing interests, the court concludes that Tyson has not made a sufficient showing for relief. His motion for an order stopping the trustee's sale therefore is denied.

**ORDER**

Based on the foregoing, Tyson's motion for an order stopping the trustee's sale of the subject property is denied.

SO ORDERED.

Dated: August 4, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:12-cv-03766-HRL Notice has been electronically mailed to:

Alisa Alexandra Givental     aag@severson.com, efiling@severson.com, tmp@severson.com

Andrew Weiss Noble     awn@severson.com, sc@severson.com

Ann Murphy     m-m@pacbell.net

Bruce William Dannemeyer     bruce@dreyfusslaw.com, roma@dreyfusslaw.com

Gary Weston Sullivan     gwsullivanlaw@gmail.com

Glenn Lee Moss     m-m@pacbell.net

Jon David Ives     jdi@severson.com, efiling@severson.com, vvv@severson.com

Joseph W. Guzzetta     jwg@severson.com, efiling@severson.com

Lawrence Jay Dreyfuss     larry@dreyfusslaw.com